Filed 1/27/21  P. v. Ramirez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GLEN S. RAMIREZ,<br><br>    Defendant and Appellant. | E074342<br><br>(Super.Ct.No. SWF1707233)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge. Affirmed as modified.

Robert Booher, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Glen S. Ramirez appeals from a judgment entered after a jury convicted him of three counts of robbery and three counts of unlawfully possessing a firearm.  (Pen. Code, §§ 211, 29800, subd. (a)(1); unlabeled statutory citations refer to this code.)  We direct

1

the trial court to correct a clerical error in the abstract of judgment, and we affirm the judgment as modified.

## BACKGROUND

Ramirez has two tattoos on his face, a "G" and a dollar sign. His right eyelid has a tattoo that says, "PAPER," and his left eyelid has one that says, "ROUTE."

On February 9, 2017, Ramirez knocked on Christopher Lacroix's door, pointed a black handgun at Lacroix, and entered his house. Ramirez zip tied Lacroix's hands and ankles, but he used a kitchen knife to cut the zip ties off Lacroix's ankles so that Lacroix could escort him to the locations of the valuables in the house. Ramirez left with jewelry, clothing, and other property. Lacroix told police that the robber had a "money sign" tattoo on his face, and he identified Ramirez in a photographic lineup and at trial. Ramirez's DNA was also found on the knife that the robber used to cut the zip ties.

On March 15, 2017, a person contacted Christopher Harvey via text message for the purpose of buying marijuana. Harvey arranged to meet the buyer at a drugstore parking lot, where Harvey got into the backseat of a car with Ramirez. Ramirez pointed a gun at Harvey that looked like a nine millimeter pistol. Harvey jumped out of the car and left the marijuana behind. Harvey said the robber had a tattoo on his cheek that looked like a musical symbol "or something of that nature." He also had tattoos on his eyelids that said, "paper trail." Harvey told the 911 operator that the robber had a cheek tattoo that looked like a meat hook.

On March 19, 2017, a person contacted Brian Shelton via text message for the purpose of buying marijuana. Shelton met the buyer the next day at a drugstore parking

2

lot, where Ramirez got into Shelton's truck. Ramirez pulled out a black gun with a magazine and pointed it at Shelton. Shelton handed over his two cellular phones and his wallet, and Ramirez left with everything. Shelton described the robber as having tattoos on his face and eyelids. He identified Ramirez in a photographic lineup and at trial.

The parties stipulated that Ramirez had previously been convicted of a felony for purposes of the counts charging unlawful possession of a firearm.

In July 2019, the jury convicted Ramirez of one count of first degree robbery, two counts of second degree robbery, and three counts of possession of a firearm by a felon. (§§ 211, 212.5, subds. (a), (c), 29800, subd. (a)(1).) It also found true that he had personally used a firearm in connection with each robbery. (§ 12022.53, subd. (b).)

The trial court found true that Ramirez had a prior serious felony conviction and a prior strike. (§§ 667, subds. (a)-(i), 1170.12.)

The court sentenced Ramirez to 37 years, eight months in prison, consisting of 12 years for the first degree robbery count (the upper term of six years doubled under the three strikes law), plus 10 years for the attached firearm enhancement; two years each for the second degree robbery counts (one-third the middle term of three years doubled), plus three years four months for each of the attached firearm enhancements (one-third of the 10-year term); and five years for the prior serious felony enhancement. The court imposed but stayed (§ 654) a 16-month term for each of the felon in possession of a firearm counts (one-third the middle term of two years doubled).

DISCUSSION

We appointed counsel to represent Ramirez on appeal, and counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, asking us to conduct an independent review of the record.

Counsel's brief identified five potential arguable issues:  (1) whether the trial court violated Ramirez's due process rights by instructing the jurors that they could consider an eyewitness's certainty when the witness identified Ramirez (CALCRIM No. 315); (2) whether defense counsel rendered ineffective assistance by conceding Ramirez's identity and only arguing that there was a reasonable doubt the firearms were real; (3) whether the court erred by denying Ramirez's motion under *Pitchess v. Superior Court* (1974) 11 Cal.3d 531; (4) whether the court erred by relying on the testimony of an uncertified fingerprint examiner to find that the prior strike and prior serious felony allegations were true; and (5) whether the court erred by denying Ramirez's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On November 12, 2020, we advised Ramirez that he had 30 days within which to file any personal supplemental brief.  We received no response.

We have independently reviewed the record and find no arguable error that would result in a disposition more favorable to Ramirez.  (*People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)  However, our review of the record discloses a clerical error in the abstract of judgment.  It incorrectly states that Ramirez was convicted by the court, rather than by jury.  We direct the trial court to

correct this error.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 187 [appellate court may correct clerical errors in the abstract of judgment on its own motion].)

DISPOSITION

The trial court shall correct the abstract of judgment to reflect that Ramirez was convicted by jury, not by the court.  The court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

McKINSTER
Acting P. J.

CODRINGTON
J.